IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-309-D

| | | |
|---|---|---|
| WALTER B. ROACH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HILTON WORLD-WIDE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Walter B. Roach, Jr. ("Roach" or "plaintiff") is a former employee of Hilton Worldwide, Inc., in Raleigh, North Carolina. On December 29, 2010, Roach filed an EEOC charge alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") [D.E. 22-2] Ex. 1. On July 29, 2011, Roach filed an amended EEOC charge also alleging disability discrimination in violation of the Americans With Disabilities Act ("ADA"). Id. Ex. 2. On March 2, 2102, the EEOC dismissed the charge and amended charge and issued a right-to-sue notice [D.E. 5-1].

On June 1, 2012, Roach, who is proceeding pro se, filed an in forma pauperis ("IFP") application and a proposed complaint against Hilton World-Wide, Inc. [sic], Embassy Suites Hotel Raleigh, Crabtree, Chris Caramossa, and Donna Mills Boswell ("defendants") [D.E. 1]. The proposed complaint asserts claims under the ADA and both negligent and intentional infliction of emotional distress claims under North Carolina law. Id. Roach attached a fraudulent EEOC charge to his proposed complaint. The attached EEOC charge is dated December 29, 2010, and checks race,

age, sex, and disability as the purported grounds of discrimination [D.E. 1-2]. The fraudulent attachment conflicts with the certified records that the EEOC provided from its investigative file [D.E. 22-2]. The EEOC records show that Roach's original December 29, 2010, charge checked only race and age. Id. 4. Moreover, the fraudulent attachment is material. Without it, Roach's ADA claims are untimely.

The court declined to permit Roach to proceed in forma pauperis, and he filed his complaint on July 19, 2012 [D.E. 5]. On September 20, 2012, defendants filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and a supporting memorandum [D.E. 21, 22]. Roach filed a response in opposition [D.E. 30], and defendants replied [D.E. 35]. As explained below, the court grants the motion to dismiss for failure to state a claim upon which relief can be granted. Alternatively, the court dismisses the action due to Roach's attempt to commit fraud on the court.

I.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See, e.g., Iqbal, 556 U.S. at 678–79; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano, 521 F.3d at 302.

2

As for his ADA claims, Roach stopped working in December 2010, but failed to file a charge of disability discrimination with the EEOC within 180 days of the alleged disability discrimination. See [D.E. 22-2]. Moreover, his amended charge of July 29, 2011, which added a completely new discrimination theory (i.e., disability claims under the ADA), does not relate back to his December 2010 EEOC charge concerning race and age discrimination. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); Evans v. Techs. Applic'ns & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996); Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). Thus, because Roach did not file his disability claims within 180 days of the alleged disability discrimination, the claims are untimely. See Jones, 551 F.3d at 300; Belton v. City of Charlotte, 175 F. App'x 641, 652 (4th Cir. 2006) (per curiam) (unpublished); J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd., 402 F.3d 468, 475 n.12 (4th Cir. 2005); McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994).

Furthermore, the fraudulent EEOC charge that Roach attached to his complaint does not save his untimely ADA claims. Compare [D.E. 5-1], with [D.E. 22-2]. In fact, Roach's attempted fraud on the court provides yet another independent basis to dismiss the ADA claims. See, e.g., United States v. Schaffer Equip. Co., 11 F.3d 450, 462–63 (4th Cir. 1993). In doing so, the court finds that Roach is culpable for the fraudulent EEOC charge attached to his complaint, that the fraudulent document is prejudicial to the administration of justice, and that the dismissal sanction is needed to deter Roach and others and to promote the public interest. See id.; see also Richardson v. Cabarrus Cnty. Bd. of Educ., 151 F.3d 1030, 1998 WL 371999, at *4–5 (4th Cir. 1998) (per curiam) (unpublished table decision).

Alternatively, even if Roach timely filed an EEOC charge concerning disability discrimination and did not attempt to commit a fraud on the court, the ADA claims are untimely.

3

The EEOC issued Roach's right to sue notice on March 2, 2012 [D.E. 5-1]. Adding three days for receipt via mail, Roach is presumed to have received the notice on March 5, 2012. See Fed. R. Civ. P. 6(d); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam); Dixon v. Digital Equip. Corp., 976 F.2d 725, 1992 WL 245867, at *1 (4th Cir. 1992) (per curiam) (unpublished table decision); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). No record evidence rebuts this presumption. Thus, Roach had 90 days (or until June 3, 2012) to file suit under the ADA. See 42 U.S.C. §§ 12117(a), 2000e-5(f)(1); see also Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 320–21 (4th Cir. 2011) (unpublished); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.4 (4th Cir. 2002); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). Roach, however, did not file his complaint until July 19, 2012 [D.E. 5]. As such, the ADA claims are time-barred. See Baldwin Cnty. Welcome Ctr., 466 U.S. at 149–51; Smith v. J.B. Hunt Transp., Inc., 47 F. App'x 670, 670 (4th Cir. 2002) (per curiam) (unpublished); Bryant, 288 F.3d at 132 n.4; Davis, 180 F.3d at 628 n.3; Houdeshell v. Artery Prop. Mgmt., Inc., 107 F.3d 866, 1997 WL 82634, at *1–2 (4th Cir. 1997) (per curiam) (unpublished table decision); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); Harvey, 813 F.2d at 653–54.

In opposition to this conclusion, Roach notes that he filed his IFP application and proposed complaint on June 1, 2012 [D.E. 1]. The IFP application tolled the statute of limitations until the court ruled on the IFP application. See, e.g., Truitt v. Cnty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. US Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994). On June 12, 2012, this court denied the IFP application [D.E. 3], and the 90-day clock resumed running. See Truitt, 148 F.3d at 647–48; Williams-Guice, 45 F.3d at 164–65; Jarrett, 22 F.3d at 259–60. Roach then failed to meet the 90-day

4

deadline by waiting until July 19, 2012, to file his complaint. Moreover, although the 90-day deadline is not jurisdictional,[1] nothing warrants equitable tolling. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20, 27 (1989); Rouse v. Lee, 339 F.3d 238, 247 n.6 (4th Cir. 2003) (en banc); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Harvey, 813 F.2d at 654. Accordingly, Roach's ADA claims are untimely and are dismissed for failure to state a claim upon which relief can be granted. Furthermore, Roach's ADA claims against the individual defendants (Caramossa and Boswell) also fail to state a claim because the individual defendants were not his employer. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 471–72 (4th Cir. 1999); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998).

Finally, the court dismisses Roach's claims of intentional and negligent infliction of emotional distress under North Carolina law for failure to state a claim upon which relief can be granted. As for Roach's infliction of emotional distress ("IIED") claim, Roach must plausibly allege "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992) (quotation omitted). Under North Carolina law, conduct is extreme and outrageous only when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493, 340 S.E.2d 116, 123 (1986) (quotation omitted). Whether conduct meets this standard is a question of law. Lenins v. K-Mart Corp., 98 N.C. App. 590, 599, 391 S.E.2d 843, 848 (1990). "North Carolina courts have been extremely

---

[1] See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc).

5

reluctant to find actionable IIED claims in the employment context." Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544–45 (E.D.N.C. 2008) (quotation omitted) (collecting cases). Although Roach's complaint expresses his frustration with an alleged failure to accommodate his alleged disability, the alleged conduct is not "extreme and outrageous" as a matter of law. Id. Thus, the IIED claim fails.

As for Roach's negligent infliction of emotional distress claim ("NIED"), Roach must plausibly allege that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Roach's complaint, however, does not plausibly allege negligent conduct [D.E. 5]. It alleges only intentional conduct. Id. As such, the NIED claim fails. See, e.g., Mitchell v. Lydall, Inc., 16 F.3d 410, 1994 WL 38703, at *3 (4th Cir. 1994) (per curiam) (unpublished table decision); Bratcher, 545 F. Supp. 2d at 545–46; McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 620 (E.D.N.C. 2006); Guthrie v. Conroy, 152 N.C. App. 15, 25, 567 S.E.2d 403, 411 (2002).

II.

In sum, defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) [D.E. 21] is GRANTED. Plaintiff's motion to seal [D.E. 33] is GRANTED, and his motion to extend time [D.E. 38] is DENIED as moot.

SO ORDERED. This 12 day of February 2013.

JAMES C. DEVER III
Chief United States District Judge