IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-309-D

| | |
|---|---|
| WALTER B. ROACH, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HILTON WORLD-WIDE, INC., )<br>)<br>Defendant. ) | **ORDER** |

On February 14, 2013, Walter B. Roach, Jr. filed a motion to move forward to negotiate settlement or set trial date [D.E. 46]. The court treats the motion as a motion to alter or amend this court's judgment of February 12, 2013 [D.E. 45].

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

When it dismissed the complaint, the court found the complaint baseless [D.E. 44]. Roach does not cite any recent change in the controlling law, newly discovered evidence, or clear error meriting the court's altering or amending its judgment.

Alternatively, to the extent that Roach requests relief under Rule 60(b) of the Federal Rules of Civil Procedure, such request is denied. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. Roach has not made any of the requisite showings under Rule 60(b). Accordingly, Rule 60(b) does not entitle him to relief.

In sum, the court DENIES Roach's motion to move forward to negotiate settlement or set trial date [D.E. 46].

SO ORDERED. This **27** day of February 2013.

JAMES C. DEVER III
Chief United States District Judge